IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SLEP-TONE ENTERTAINMENT CORP.**,

               Plaintiff,

    v.

**CANTON PHOENIX INC.;** and **BING PAN ZHU**,

               Defendant.

No. 3:14-cv-00764-PK

OPINION AND ORDER

**MOSMAN, J.**,

      On September 4, 2014, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [20] in the above-captioned case, recommending that judgment be entered dismissing Plaintiff Slep-Tone Entertainment Corp.'s ("Slep-Tone") federal trademark claims, and other state law claims with prejudice. Judge Papak determined that Slep-Tone's alleged trademark injuries are not redressable under federal trademark law because of the interplay of federal trademark and copyright law. (F&R [20] at 18.) Slep-Tone filed objections to the F&R, arguing that Judge Papak erred in his interpretation of the interplay of the federal trademark and copyright law, and that he erred in his interpretation of the applicability Oregon state law to the facts alleged in this lawsuit. (Pl.s' Objections [23].) I have reviewed de novo the portions of the F&R that Slep-Tone objects to, and find that the objections are without merit. I adopt in part and modify in part the F&R as my own opinion. I adopt it in its entirety as to Slep-Tone's federal

1 – OPINION AND ORDER

trademark claims, and therefore dismiss them with prejudice. I modify the F&R in part with respect to Slep-Tone's state law claims, and dismiss the state law claims without prejudice.

## LEGAL STANDARDS

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

In connection with either a trademark infringement or an unfair competition claim under the Lanham Act (i.e. the federal trademark statute), a plaintiff "must establish both (1) that it has a protected interest (or trademark right) in the [mark at issue] and (2) that [the defendant's] usages are likely to cause consumer confusion and thus infringe upon that interest." *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985). "In any proceeding under the Lanham Act the gist of the proceeding is a . . . use of the mark which 'is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services.'" *Smith v. Chanel, Inc.*, 402 F.2d 562, 565 (9th Cir. 1968) (quoting *Societe Comptoir de L'lndustrie Cotonniere Etablissements Boussac v. Alexander's Dept. Stores, Inc.*, 299 F.2d 33,

36 (2nd Cir. 1962)). "[T]he only legally relevant function of a trademark is to impart information as to the source or sponsorship of the product." *Id.* at 566.

## DISCUSSION

### I.    Federal Trademark Claims

Slep-Tone alleges that Defendants Canton Phoenix, Inc. and Bing Pan Zhu (collectively "Canton") violated more than 24,000 its protected trademarks when they uploaded more than 24,000 unauthorized and unlicensed karaoke tracks onto a hard drive, each branded with Slep-Tone's registered trademark "Sound Choice", and used those tracks for the purpose of providing karaoke entertainment services to Canton Phoenix's customers. (F&R [20] at 1–2.) Slep-Tone argues that Canton created a new product when it transferred the karaoke tracks from the CDs produced by Slep-Tone onto a hard drive. Slep-Tone believes that because it is not the "origin" of the hard drive, use of the Sound Choice mark with the copied tracks on the hard drive is likely to cause confusion, or to cause mistake, or to deceive customers and patrons into believing that Canton's services and hard drive were being provided with the authorization of Slep-Tone and that Canton's music libraries contained bona fide legal and licensed Sound Choice karaoke tracks. (Pl.'s Objections [23] at 4–5.)

I agree with Judge Papak's F&R that Slep-Tone has not pled any actionable trademark injuries, and is in fact alleging copyright injuries. As stated above, trademark law under the Lanham Act is aimed at preventing "confusion or mistake . . . [by] purchasers as to the source of origin of . . . goods or services." *See Smith*, 402 F.3d at 565. On the other hand, "[t]he purpose of copyright is to create incentives for creative effort." *Sony Corp. of Am. v. Universal City Studios, Inc.* 464 U.S. 417, 450 (1984). Copyright law creates these incentives by granting copyright holders the exclusive rights to reproduce the copyrighted work; prepare derivative works based

on the copyrighted work; distribute copies of the copyrighted work; perform the copyrighted

work publicly; and display the copyrighted work publicly. 17 U.S.C. § 106. In other words,

copyright law deals with controlling the use of one's protected works.

      This is not a case of consumer confusion. I do not believe that Canton created a new good

when it transferred the karaoke tracks with the Sound Choice mark to the hard drive that it used

to present them to its customers. The relevant "good" in this case are the karaoke tracks

themselves, and not the means by which those goods are stored (e.g. CD vs. hard drive). Moving

the underlying data from a CD to a hard drive did nothing to change the data. Slep-Tone has not

alleged that this transfer somehow degraded the quality of the audio recording, or that it

degraded the quality of the visual presentation of the accompanying lyrics. If this had been the

case, then Slep-Tone would have a valid trademark claim. If transferring the karaoke tracks to

the hard drive degraded their quality in some way, the tracks would no longer be in their original

and unadulterated forms as produced by Slep-Tone, and yet they still would have carried Slep-

Tones registered mark as if they were original goods. This type of confusion as to the quality of

the goods normally produced and sold by Slep-Tone would be an actionable trademark claim.

That, however, is not the case that I have before me. By transferring the karaoke tracks to a hard

drive, and displaying them with the same level of quality as produced by Slep-Tone, Canton

cannot possibly be confusing consumers. It is merely representing to its customers that these

tracks are Sound Choice goods with the same qualities and characteristics as originally produced

by Slep-Tone. The truth as to a good's origin and quality cannot possibly confuse consumers in a

way that offends trademark law. *See Smith*, 402 F.2d at 566.

      Alternatively, if Canton had recorded or obtained additional karaoke tracks and added

them to its hard drive and affixed the Sound Choice mark to them, that too would have created

an actionable trademark violation. However, that again is not the case before me. Slep-Tone does not alleged that any of the tracks with the Sound Choice mark attached are anything but its own original tracks, just transferred to a hard drive instead of stored on a CD. As is discussed above, simply transferring the means of data storage is not enough to offend trademark law.

Slep-Tone's claimed injuries are copyright injuries and not trademark injuries. Slep-Tone alleges that it was injured when the tracks were performed or presented at Canton's restaurant without authorization and without a license, i.e. it was stripped of control of the use of its created work. F&R [20] at 5. The Copyright Act, and not the Lanham Act, is what protects against these types of unauthorized uses. 17 U.S.C. § 106. Copyright holders can prevent unauthorized parties from copying their copyrighted work (e.g. copying tracks onto a hard drive) and from publicly performing their copyrighted work (e.g. allowing customers to use the karaoke tracks at a restaurant open to the public). Trademark law should not be construed to provide protection exclusively under copyright law. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003) ("Thus, in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright.") (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001).

Because I agree with Judge Papak that the interests Slep-Tone seeks to vindicate cannot, as a matter of law, be redressed through federal trademark law, I also agree that Slep-Tone's trademark claims should be dismissed with prejudice.

## II.    Related State Law Claims

Judge Papak suggests in his F&R that I also dismiss Slep-Tone's related state law claims with prejudice because the analysis above that results in the dismissal of Slep-Tone's federal

claims applies with equal force to Slep-Tone's state law claims in favor of dismissal. I decline to adopt this recommendation. Dismissal of Slep-Tone's federal claims removes any basis that this court has to exercise original jurisdiction in this dispute. Although I agree that the principles of judicial economy suggest I should dispose of Slep-Tone's state law claims on the recommended grounds, I believe that the principles of Federalism and comity overpower the principles of judicial economy in this case and dictate that I dismiss Slep-Tone's state law claims without prejudice so that the Oregon state courts can interpret and apply Oregon law to these facts. I therefore find that Slep-Tone's remaining state law claims should be dismissed without prejudice due to a lack of subject-matter jurisdiction.

## CONCLUSION

Upon review, I ADOPT IN PART and MODIFY IN PART the F&R [20]. I adopt the F&R in its entirety with regards to Slep-Tone's federal trademark claims. Therefore, Slep-Tone's federal trademark claims are DISMISSED with prejudice. I modify the F&R in part with regards to Slep-Tone's state law claims. Therefore, Slep-Tone's related state law claims are dismissed without prejudice.

IT IS SO ORDERED.

DATED this __7th__ day of November, 2014.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge